**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
Damian Zabrodin, and Imran Gashimli *on behalf of themselves and others similarly situated in the proposed FLSA Collective Action,*

                              *Plaintiffs*,

      - against -

Silk 222, Inc., and Khurshed Kurbanov ,

                              *Defendants*.
-----------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiffs Damian Zabrodin ("Zabrodin"), and Imran Gashimli ("Gashimli", and together with Zabrodin, the "Plaintiffs") on behalf of themselves and others similarly situated, by and through their attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to themselves and upon information and belief as to others, brings this complaint against Defendants Silk 222, Inc. (the "Corporate Defendant"), and Khurshed Kurbanov (the "Individual Defendant", and together with the Corporate Defendant, the "Defendants") and state as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this lawsuit seeking recovery, for themselves and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2. Plaintiffs seek injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, unpaid spread-of-hours, unlawfully deducted wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

5. Venue is proper in this District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF DAMIAN ZABRODIN**

6. Plaintiff Zabrodin was employed as a server and general worker at Defendants' restaurant located at: 222 Avenue U, Brooklyn, NY 11223 ("SILK Restaurant and Lounge").

7. Plaintiff Zabrodin was employed as a non-managerial employee at "SILK Restaurant and Lounge" from on or around June 2022 to, through and including October 2022.

8. At all relevant times, Plaintiff Zabrodin has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF IMRAN GASHIMLI**

9. Plaintiff Gashimli was employed as a bartender and general worker at SILK Restaurant and Lounge.

10. Plaintiff Gashimli was employed as a non-managerial employee at SILK Restaurant and Lounge from on or around July 2022 through and including September 2022.

11. At all relevant times, Plaintiff Gashimli has been an employee within the meaning

of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT SILK 222, INC.**

12. Upon information and belief, Defendant Silk 222, Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 222 Avenue U, Brooklyn, NY 11223.

13. At all times relevant to this Complaint, Defendant Silk 222, Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

14. At all times relevant to this Complaint, Defendant Silk 222, Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

15. At all times relevant to this Complaint, Defendant Silk 222, Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

16. Defendant Silk 222, Inc. possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

17. Defendant Silk 222, Inc. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

**DEFENDANT KHURSHED KURBANOV**

18. Defendant Khurshed Kurbanov is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

19. Defendant Khurshed Kurbanov is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

20. Defendant Khurshed Kurbanov possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

21. Defendant Khurshed Kurbanov determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

22. At all times relevant to this Complaint, Defendant Khurshed Kurbanov was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

23. Defendants own, operate and/or control the restaurant located at 222 Avenue U, Brooklyn, NY 11223 (*i.e.,* SILK Restaurant & Lounge).

24. The Individual Defendant possesses operational control over the Corporate Defendant, possesses an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiffs' (and other similarly

situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

29. Upon information and belief, the Individual Defendant operates the Corporate Defendant as either an alter ego of himself, and/or fails to operate the Corporate Defendant as a an entity legally separate and apart from himself, by, among other things:

   a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a separate and legally distinct entity;

   b. defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

   c. transferring assets and debts freely as between all Defendants;

   d. operating the Corporate Defendant for their own benefit as the majority shareholder;

   e. operating the Corporate Defendant for his own benefit and maintaining control over them as closed corporations or closely controlled entities;

   f. intermingling assets and debts of their own with the Corporate Defendant;

   g. diminishing and/or transferring assets of the Corporate Defendant to protect his

own interests; and

h.   other actions evincing a failure to adhere to the corporate form.

30.   At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

31.   Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## FACTUAL ALLEGATIONS

*Factual Allegations Pertaining Specifically to Plaintiff Damian Zabrodin*

32.   Plaintiff Zabrodin was employed as a server and general worker at SILK Restaurant & Lounge.

33.   From approximately July 2022 through and including September 2022, Plaintiff Zabrodin worked as a server and general worker at "SILK Restaurant & Lounge", as follows: four (4) days per week: from approximately 2:00 p.m. to 2:00 a.m. (*i.e.,* 12 hours per day), for a total period of approximately 48 hours during each of the weeks, respectively.

34.   From approximately October 1, 2022 through and including October 31, 2022, Plaintiff Zabrodin worked as a server and general worker at "SILK Restaurant & Lounge", as follows: two (2) days per week: from approximately 2:00 p.m. to 2:00 a.m. (*i.e.,* 12 hours per day), for a total period of approximately 24 hours during each of the weeks, respectively.

35.   From approximately June 2022 through and including July 15, 2022, Defendants paid Plaintiff Zabrodin $15 per hour, for all hours worked.

36.   From approximately July 16, 2022 through and including October 2022, Defendants paid Plaintiff Zabrodin $15 per hour, for all hours worked, only on weekdays.

37. From approximately July 16, 2022 through and including October 2022, Defendants paid Plaintiff Zabrodin a flat daily salary of $50 per day, for all hours worked, only on weekends.

38. Defendants failed to pay Plaintiff Zabrodin *any wages* for the last three weeks of his employment.

*Factual Allegations Pertaining Specifically to Plaintiff Imran Gashimli*

39. Plaintiff Gashimli was an employee of Defendants.

40. Plaintiff Gashimli was employed as a bartender and general worker at SILK Restaruant & Lounge.

41. From approximately July 2022 through and including September 2022, Plaintiff Gashimli worked five (5) to six (6) days per week as follows: weekdays from approximately 4:00 p.m. to 2:00 a.m. (*i.e.,* 10 hours per day), and weekends from approximately 4:00 p.m. to 4:00 a.m. (*i.e.,* 12 hours per day), for a total period of approximately 54 to 64 hours during each of the weeks, respectively.

42. From approximately July 1, 2022 through and including July 15, 2022, Defendants paid Plaintiff Gashimli $15 per hour, for all hours worked.

43. From approximately July 16, 2022 through and including October 2022, Defendants paid Plaintiff Zabrodin $15 per hour, for all hours worked, only on weekdays.

44. From approximately July 16, 2022 through and including October 2022, Defendants paid Plaintiff Zabrodin a flat daily salary of $50 per day, for all hours worked, only on weekends.

*Factual Allegations Pertaining Specifically to all Plaintiffs*

45. Plaintiffs were required to work in excess of forty (40) hours per week, but never

received an overtime premium of one and one-half times his regular rate of pay for those hours.

46. At all relevant times, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs', and other tipped employees', tips and made unlawful deductions from Plaintiffs' and other tipped employees' wages.

47. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

48. At all relevant times herein, Defendants required Plaintiffs, and all similarly situated individuals, to distribute their tips. Such tips were required to be distributed to non-tipped managers at SILK Restaurant & Lounge, *to wit*: the Individual Defendant.

49. As the owner and manager of SILK Restaurant & Lounge, the Individual Defendant should not have taken a share of Plaintiffs', and all similarly situated individuals', tips.

50. The employer-mandated tip sharing scheme imposed on Plaintiffs and other waitresses is not customary.

51. The employer-mandated tip sharing imposed on Plaintiffs was not reasonable.

52. Defendants did not establish, maintain, and preserve records as required by law, or did not make any such records available to Plaintiffs or other participants in the mandated tip sharing scheme, that included: (1) a daily log of the tips collected by each employee on each shift, whether in cash or by credit card; (2) a list of occupations that the employer deemed eligible to receive tips through tip sharing; (3) the shares of tips that each occupation was scheduled to receive from tip sharing; and (4) the amount in tips that each employee received from the tip share by date.

53. Defendants did not post in a conspicuous place notices issued by the Department of Labor about wage and hour laws, tip appropriations, or illegal deduction provisions.

54. No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages are required under the FLSA or NYLL.

55. Defendants did not provide Plaintiffs a statement of wages, as required by NYLL 195(3).

56. Defendants did not give any notice to Plaintiffs of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

57. At all relevant times, Defendants did not pay Plaintiffs at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

58. Plaintiffs brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to servers, bartenders and general workers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

59. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wage and overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

60. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA

Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

61. Plaintiffs reserve the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

62. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

63. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

64. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

65. Due to Defendants' violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

66. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

67. At all relevant times to this action, Plaintiffs are covered, non-exempt employees

within the meaning of the FLSA.

68. Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

69. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

70. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

71. Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
**(NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)**

72. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

73. Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

74. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

75. Due to Defendants' violations of the NYLL, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

76. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

77. Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

78. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

79. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

80. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

81. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

82. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

83. Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiffs' shifts spread

12

over more than ten (10) hours.

84. By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully violated §650 *et seq*. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

85. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

86. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

87. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

88. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

89. Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

90. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

91. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

92. As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## EIGHTH CLAIM
### (NYLL – Unlawful Deductions from Tips)

93. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

94. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

95. New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

96. Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

97. Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in

14

violations of the NYLL and supporting Department of Labor Regulations.

98. Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CLAIM
### (Unlawful Wage Deductions Under the FLSA)

99. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

100. Defendants have made unlawful deductions and required kickbacks from Plaintiffs' wages, including but not limited to, deductions from Plaintiffs' wages for purported 30- or 45-minute breaks that Plaintiffs never received.

101. The deductions made from Plaintiffs' wages have not been authorized or required by law.

102. The deductions made from Plaintiffs' wages have not been expressly authorized in writing by Plaintiffs, and have not been for Plaintiffs' benefit.

103. Through their knowing or intentional efforts to permit unauthorized deductions form Plaintiffs' wages, Defendants have willfully violated the FLSA. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35.

104. Due to Defendants' willful violations of the FLSA, Plaintiffs are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the FLSA, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

    a. authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the

      date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages, premium overtime wages and tips;

b.   certification of this case as a collective action pursuant to the FLSA;

c.   issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

d.   declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.   declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f.   declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g.   declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h.   declaring that Defendants violated the tip theft provisions of the NYLL and the NYDOL regulations;

i.   declaring that Defendants violated the unlawful deduction provisions of the FLSA;

j.   awarding Plaintiffs unpaid minimum wages;

k.   awarding Plaintiffs unpaid overtime wages;

l.   awarding Plaintiffs unpaid spread-of-hours pay;

m.   awarding Plaintiffs unpaid tipped wages;

n.   awarding Plaintiffs unlawfully deducted wages;

o.   awarding unpaid wages under New York State law for failure to pay timely wages;

p.   awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

q.   awarding unpaid wages under the NYLL and the New York State contract law;

r.   awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish

|     |                                                                                          |
| --- | ---------------------------------------------------------------------------------------- |
|     | accurate wage notice pursuant to the NYLL;                                               |
| s.  | rewarding Plaintiffs pre- and post-judgment interest under the NYLL;                     |
| t.  | awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and |
| u.  | Such other relief as this Court deems just and proper.                                   |

Dated: New York, New York
       November 8, 2022

                Respectfully submitted,

                By: /s/ Joshua Levin-Epstein
                     Joshua Levin-Epstein
                     Jason Mizrahi
                     Levin-Epstein & Associates, P.C.
                     60 East 42nd Street, Suite 4700
                     New York, New York 10165
                     Tel: (212) 792-0046
                     Email: Joshua@levinepstein.com
                     *Attorneys for the Plaintiffs and proposed FLSA Collection Action Plaintiffs*